```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| WILLIAM MOORE, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 5:11-cv-150-JMH |
| | ) |
| v. | ) |
| | )   **MEMORANDUM OPINION AND ORDER** |
| YUM BRANDS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

** ** ** ** **

The Court has reviewed Magistrate Judge Wier's Report regarding the telephonic conference that took place on December 8, 2011. [DE 42]. In his Report, Magistrate Judge Wier raised two issues that the Court would like to address. First is the issue of fraudulent joinder. Plaintiff originally filed this action in the Madison Circuit Court. While both Plaintiff and former Defendant Yum Brands, Inc. ("Yum") are Kentucky citizens, Defendants removed this matter to federal district court, alleging that Yum was joined fraudulently in an attempt to defeat federal jurisdiction. Plaintiff did not move to remand the case to state court, obviously not questioning the jurisdiction of the Court on the allegation that Yum was fraudulently joined. Additionally, forty-two days after the case was removed, all parties stipulated to the dismissal with prejudice of Yum.

It is well established that fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds.

*Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). The Court views Plaintiff's failure to move for remand, coupled with his stipulation of Yum's dismissal, as a concession that Yum was, in fact, fraudulently joined. Accordingly, this Court's jurisdiction was proper at the time of removal. And because Yum has since been dismissed from this action, the any question as to the lack of diversity between Yum and Plaintiff is no longer an issue in this matter.

The second issue addressed in Magistrate Judge Wier's Report concerns the citizenship of Defendant Tacala, LLC. As the Report stated, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company . . . [and] of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). While the parties have not raised this issue, it is incumbent upon the Court to examine subject-matter jurisdiction on its own initiative. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). Tacala's allegation that "[n]one of [its] members are citizens of Kentucky" is insufficient to assure the Court that complete diversity exists in this case.

Accordingly, **IT IS ORDERED:**

(1) that Defendant Tacala, LLC shall provide to the Court, within **fourteen (14) days**, an affirmative statement describing the

citizenship of each of its members, as well as that of any sub-members; and

(2) that any issues regarding the fraudulent joinder of Defendant Yum Brands, Inc. are hereby **MOOT.**

This the 3rd day of February, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge